**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| CLAYTON TAYLOR, | § | |
| Plaintiff | § | |
| | § | CIVIL ACTION NO. |
| vs. | § | |
| | § | Jury Trial Demanded |
| CAVALRY PORTFOLIO SERVICES, | § | |
| LLC, EQUABLE ASCENT FINANCIAL, | § | |
| LLC AND THE RETAIL MERCHANTS | § | |
| ASSOCIATION, INC. D/B/A CREDIT | § | |
| BUREAU OF LOUISIANA F/K/A | § | |
| CREDIT BUREAU OF SHREVEPORT, | § | |
| Defendants | § | |

## ORIGINAL COMPLAINT

### NATURE OF ACTION

1.       This is an action for damages brought by Plaintiff, Clayton Taylor ("Plaintiff"), an individual, for Defendants' violations of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*., the Texas Debt Collection Act ("TDCA"), Texas Deceptive Trade Practices Consumer Protection Act ("DTPA"), TEX. BUS. & COM. CODE §§ 17.01, *et seq*., which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2.       Plaintiff seeks to recover monetary damages for Defendants' violations of the FDCPA, the TDCA and the DTPA, and to have an Order or injunction issued by this Court preventing Defendants from persisting in its violative behaviors.

3.       Service may be made upon Defendants in any other district in which they may be found pursuant to 29 U.S.C. § 1132(e)(2).

## JURISDICTION AND VENUE

4.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

5.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants' transact business in this district.

## PARTIES

6.      Plaintiff, Clayton Taylor ("Plaintiff"), is a natural person residing in the State of Texas, County of Collin, and City of Plano.

7.      Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the TEX. BUS. & COM. CODE § 17.45(4) and TEX. FIN. CODE § 392.001(1).

8.      Defendant, Cavalry Portfolio Services, LLC ("CPS") is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as defined by TEX. FIN. CODE § 392.001(2).

9.      Defendant, Equable Ascent Financial, LLC ("Equable") is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as defined by TEX. FIN. CODE § 392.001(2).

10.     Defendant, The Retail Merchants Association, Inc. d/b/a Credit Bureau of Louisiana f/k/a Credit Bureau of Shreveport ("RMA"), is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt"

from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as defined by TEX. FIN. CODE § 392.001(2).

11.     Defendants, Cavalry Portfolio Services, LLC, Equable Ascent Financial, LLC and The Retail Merchants Association, Inc. d/b/a Credit Bureau of Louisiana f/k/a Credit Bureau of Shreveport ("Defendants") are "debt collectors" as defined by 15 U.S.C. § 1692a(6) and by TEX. FIN. CODE § 392.001(6).

## FACTUAL ALLEGATIONS

12.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

13.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes and Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

14.     Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

15.     On or around January 29, 2011, Plaintiff discovered that Defendants were each reporting alleged debts on his credit report.

16.     Defendants' actions, as detailed below, constitute conduct highly offensive to a reasonable person, and as a result of Defendants' behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and/or emotional distress.

17.     As a result of the below violations of the FDCPA, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress, and Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

**CPS Specific Statement of Facts:**

18.     On or around April 12, 2011, Plaintiff sent CPS written communication disputing the alleged debt and requesting validation of the alleged debt.  (*See* correspondence attached hereto as, Exhibit A).

19.     CPS received Plaintiff's dispute letter on April 15, 2011 at 11:33 A.M.  *See* mail receipt attached hereto as, Exhibit B.

20.     In connection with collection of an alleged debt in default, CPS sent Plaintiff initial written communication dated May 12, 2011, and in such communication, failed to provide the notices required by 15 U.S.C. § 1692g.  (*See* correspondence attached hereto as, Exhibit C).

21.     Despite being dated May 12, 2011, Defendant did not send its response to Plaintiff's dispute, which also served as CPS's initial written communication to Plaintiff, until May 17, 2011, as evidenced by the postmark date on the envelope sent to Plaintiff.  (*See* envelope attached hereto as, Exhibit D).

22.     Under TEX. FIN. CODE § 392.202(b), CPS's response to Plaintiff's dispute letter received by CPS on April 15, 2011, was required to be sent no later than 30 days after receipt, therefore, CPS was required to send its response no later than May 15, 2011.

23.     CPS failed to send a written statement to Plaintiff either denying the inaccuracy, admitting the inaccuracy, or requesting more time for investigation, no later than the 30th day

after the date a notice of inaccuracy is received, in direct violation of TEX. FIN. CODE § 392.202(b).

**Equable Specific Statement of Facts:**

24.     Plaintiff sent a dispute in writing to Equable via certified mail on or about April 12, 2011.

25.     Equable received Plaintiff's written dispute on April 15, 2011 at 11:14 A.M.  (*See* mail receipt attached hereto as, Exhibit E).

26.     Under TEX. FIN. CODE § 392.202(b), Equable was required to respond to Plaintiff's written dispute no later than May 15, 2011.

27.     To date, Equable has not responded to Plaintiff's April 12, 2012 dispute.

28.     Equable failed to send a written statement to Plaintiff not later than the 30th day after the date a notice of inaccuracy is received, either denying the inaccuracy, admitting the inaccuracy, or requesting more time for investigation, in direct violation of TEX. FIN. CODE § 392.202(b).

**RMA Specific Statement of Facts:**

29.     Plaintiff initially disputed the two alleged debts reported by RMA by sending a dispute in writing via certified mail directly to RMA on or about November 14, 2011.  (*See* correspondence attached hereto as, Exhibit F).

30.     RMA received Plaintiff's dispute letter on November 16, 2011 at 12:08 P.M.  (*See* mail receipt attached hereto as, Exhibit G).

31.     Pursuant to TEX. FIN. CODE § 392.202(b), Defendant was required to respond to Plaintiff's written dispute on or before December 16, 2011.

32.     To date, RMA has not responded to Plaintiff's written dispute.

33.     As such, RMA failed to send a written statement to Plaintiff not later than the 30th day after the date a notice of inaccuracy is received, either denying the inaccuracy, admitting the inaccuracy, or requesting more time for investigation, in direct violation of TEX. FIN. CODE § 392.202(b).

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(10)
## DEFENDANT CPS

34.     Plaintiff repeats and re-alleges each and every allegation contained above.

35.     CPS violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collection an alleged debt from Plaintiff, including by dating CPS's response to Plaintiff's dispute as of May 12, 2012 despite it being sent on May 17, 2012 in an effort to falsely represent that CPS had complied with TEX. FIN. CODE. § 392.202(b).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that CPS violated  15 U.S.C. § 1692e(10);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692g(a)
## DEFENDANT CPS

36.     Plaintiff repeats and re-alleges each and every allegation contained above.

37.     Defendant violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the notices required by 15 U.S.C. § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that CPS violated  15 U.S.C. § 1692g(a);

b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)   Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF TEX. FIN. CODE § 392.202(b)
## DEFENDANT CPS

38.     Plaintiff repeats and re-alleges each and every allegation above.

39.     CPS violated TEX. FIN. CODE § 392.202(b) by failing to send a written statement to Plaintiff not later than the 30th day after the date a notice of inaccuracy is received, either (1) denying the inaccuracy; (2) admitting the inaccuracy; or (3) stating that the third-party debt collector has not had sufficient time to complete an investigation of the inaccuracy.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that CPS violated TEX. FIN. CODE § 392.202(b);

b)   Awarding Plaintiff statutory damages pursuant to the TDCA;

c)   Awarding Plaintiff actual damages pursuant to the TDCA;

   d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f)   Awarding such other and further relief as the Court may deem just and proper.

### COUNT IV
### VIOLATION OF TEX. FIN. CODE § 392.304(19)
### DEFENDANT CPS

40.    Plaintiff repeats and re-alleges each and every allegation above.

41.    CPS violated TEX. FIN. CODE § 392.304(b) by using false representations and deceptive means to collection an alleged debt from Plaintiff, including by dating CPS's response to Plaintiff's dispute as of May 12, 2012 despite it being sent on May 17, 2012 in an effort to falsely represent that CPS had complied with TEX. FIN. CODE. § 392.202(b).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   g)   Adjudging that CPS violated TEX. FIN. CODE § 392.202(b);

   h)   Awarding Plaintiff statutory damages pursuant to the TDCA;

   i)   Awarding Plaintiff actual damages pursuant to the TDCA;

   j)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   k)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   l)   Awarding such other and further relief as the Court may deem just and proper.

### COUNT V
### VIOLATION OF TEX. BUS. & COM. CODE § 17.50(h)
### DEFENDANT CPS

42.    Plaintiff repeats and re-alleges each and every allegation by reference herein all prior paragraphs above.

43.     A violation of the TDCA is a deceptive trade practice under the DTPA, and is actionable under the DTPA.  TEX. FIN. CODE. § 392.404(a)

44.     Defendant violated TEX. BUS. & COM. CODE § 17.50(h).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that CPS violated the DTPA, TEX. BUS. & COM. CODE, Chapter 17, Subchapter E.

b)  Awarding Plaintiff actual damages, pursuant to TEX. BUS. & COM. CODE § 17.50(h);

c)  Awarding Plaintiff three times actual damages, pursuant to TEX. BUS. & COM. CODE § 17.50(h).

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT VI**
**VIOLATION OF TEX FIN CODE § 392.202(b)**
**DEFENDANT EQUABLE**

45.     Plaintiff repeats and re-alleges each and every allegation above.

46.     Equable violated TEX. FIN. CODE § 392.202(b) by failing to send a written statement to Plaintiff not later than the 30th day after the date a notice of inaccuracy is received, either (1) denying the inaccuracy; (2) admitting the inaccuracy; or (3) stating that the third-party debt collector has not had sufficient time to complete an investigation of the inaccuracy.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Equable violated TEX FIN CODE § 392.202(b);

b)  Awarding Plaintiff statutory damages pursuant to the TDCA;

c)  Awarding Plaintiff actual damages pursuant to the TDCA;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

### COUNT VII
### VIOLATION OF DTPA
### DEFENDANT EQUABLE

47.    Plaintiff repeats and re-alleges each and every allegation by reference herein all prior paragraphs above.

48.    A violation of the TDCA is a deceptive trade practice under the DTPA, and is actionable under the DTPA.  TEX. FIN. CODE. § 392.404(a)

49.    Equable violated TEX. BUS. & COM. CODE § 17.50(h).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

g)  Adjudging that Equable violated the DTPA, TEX. BUS. & COM. CODE, Chapter 17, Subchapter E.

h)  Awarding Plaintiff actual damages, pursuant to TEX. BUS. & COM. CODE § 17.50(h);

i)  Awarding Plaintiff three times actual damages, pursuant to TEX. BUS. & COM. CODE § 17.50(h).

j)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

k)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

l)   Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
## VIOLATION OF TEX FIN CODE § 392.202(b)
## DEFENDANT RMA

50.    Plaintiff repeats and re-alleges each and every allegation above.

51.    RMA violated TEX. FIN. CODE § 392.202(b) by failing to send a written statement to Plaintiff not later than the 30th day after the date a notice of inaccuracy is received, either (1) denying the inaccuracy; (2) admitting the inaccuracy; or (3) stating that the third-party debt collector has not had sufficient time to complete an investigation of the inaccuracy.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

g)   Adjudging that RMA violated TEX FIN CODE § 392.202(b);

h)   Awarding Plaintiff statutory damages pursuant to the TDCA;

i)   Awarding Plaintiff actual damages pursuant to the TDCA;

j)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

k)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

l)   Awarding such other and further relief as the Court may deem just and proper.

## COUNT IX
## VIOLATION OF DTPA
## DEFENDANT RMA

52.    Plaintiff repeats and re-alleges each and every allegation by reference herein all prior paragraphs above.

53.    A violation of the TDCA is a deceptive trade practice under the DTPA, and is actionable under the DTPA.  TEX. FIN. CODE. § 392.404(a)

54.    RMA violated TEX. BUS. & COM. CODE § 17.50(h).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that RMA violated the DTPA, TEX. BUS. & COM. CODE, Chapter 17, Subchapter E.

b) Awarding Plaintiff actual damages, pursuant to TEX. BUS. & COM. CODE § 17.50(h);

c) Awarding Plaintiff three times actual damages, pursuant to TEX. BUS. & COM. CODE § 17.50(h).

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

55.   Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted,

By: /s/ Dennis R. Kurz
Dennis R. Kurz
Texas State Bar # 24068183
Dkruz@attorneysforconsumers.com
WEISBERG & MEYERS, LLC
Two Allen Center
1200 Smith Street
Sixteenth Floor
Houston, TX 77002
Telephone:     (888) 595-9111
Facsimile:     (866) 565-1327

*Attorney for Plaintiff*
CLAYTON TAYLOR